UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Molly Karp**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**The Gap, Inc.**<br><br>Defendant. | )<br>)<br>)<br>)    **C.A. No. 4:13-cv-11600-TSH**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO THE GAP INC.'S MOTION TO TRANSFER TO THE EASTERN DIVISION**

Plaintiff Molly Karp submits the following opposition to The Gap, Inc.'s Motion to Transfer this case to the Eastern Division [Dkt # 17]:

1. This class action, brought on behalf of a group of Massachusetts consumers, based entirely on state law, was filed in state court in Worcester County, a county in which the Gap is subject to suit because it has a store in Worcester County and does business there.

2. Pursuant to M.G.L. c. 223, § 8(4), Ms. Karp was entitled to file the action in Worcester County, regardless of which county she resides in, because the Gap has a usual place of business in Worcester County. *See, e.g., Ziplink, Inc. v. Global NAP, Inc.*, 13 Mass.L.Rptr. 510, 2001 WL 1029631 (Mass. Super. 2001) (Fleet Bank has a "usual place of business throughout every county in the Commonwealth" and therefore, under trustee process statute which mirrors c. 223, § 8(4), the plaintiff was entitled to file its complaint in any county it chooses).

3. The Gap admits that it has a usual place of business in Worcester County. Gap Memorandum, Dkt. # 18, at 5. The Gap's claim that it has more stores in the Eastern Division is irrelevant under M.G.L. c. 233, § 8(4). The sole issue under that statute is whether the defendant has *a* usual place of business in the county.

4. The Class Action Fairness Act (CAFA) provides that a case removed from state court shall be removed to the district and division in which it is pending: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the *district court of the United States for the district and division* embracing the place where such action is pending." 28 U.S.C. §§ 1441(a), 1453. *See also* 28 U.S.C. § 1446(a) ("defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for *the district and division* within which such action is pending a notice of removal...") (emphasis added).[1]

5. Thus, when the Gap removed this case to federal court pursuant to CAFA, it was required to remove it to the Central Division, the division embracing the place [Worcester County] where the action was pending. 28 U.S.C. §§ 1441, 1446(a).[2] In fact, the Gap attempted to unilaterally remove the case to the Eastern Division, but it was transferred by the District Court clerk to the Central Division because the action originated in Worcester Superior Court. Dkt. # 6.

---

[1] Local Rule 40.1 appears to govern assignment of cases originally filed in federal court, which this case was not. Even if it did apply, the Gap concedes, as it must, that it "resides" in both the Central Division and the Eastern Division.

[2] The Plaintiff has filed a motion to remand to state court, currently pending before this Court, Dkt. # 15, alleging that the Defendant failed to meet its burden of showing the minimum class size and amount at issue, for CAFA jurisdiction. If that motion is granted, the motion to transfer will be moot. By opposing the motion to transfer, Plaintiff does not concede in any way that the case should remain in federal court.

6. In support of its motion to transfer the Gap argues that the Eastern Division is more convenient for its attorneys and witnesses. Yet, as it concedes, the Gap has no offices in Massachusetts. The allegations in this case involve the Gap's centralized policies regarding point of sale transactions, and the creation, maintenance, and use of customer records and data. The Gap's records are not stored in Massachusetts, and its polices are not created here. Its headquarters and its counsel are in California, and Worcester is not appreciably more convenient for a California party than Boston, as the two cities are less than one hour apart. Moreover, with electronic filing and the option of appearing by telephone, there will likely be few occasions for which the Gap's counsel or witnesses will have to travel to Worcester. The case the Gap relies on for its convenience argument, *Cognex Corp. v. Lemelson Med., Educ. & Research Found., Ltd.*, 67 F. Supp. 2d 5 (D. Mass. 1999), does not support the notion that a case should be transferred for the convenience of the attorneys, nor does it contain any helpful analysis as the transfer decision was made before the defendant responded. *Id.*[3]

7. The Gap also suggests that Boston is more convenient for the Plaintiff than Worcester, though the difference in proximity is negligible.  Natick is only a few miles closer to Boston than it is to Worcester.

8. The Gap also claims that the Plaintiff's choice of venue carries little weight because the case was filed as a class action. But the sole case it cites for this proposition, *Koster v. (Am.) Lumbermens Mut. Cas. Co*., 330 U.S. 518 (1947), involved a dispute over whether a shareholder suit filed in New York, where the plaintiff lived, against an Illinois corporation should be transferred to Illinois because all of the relevant documents were in Illinois, the witnesses were in Illinois, and Illinois law applied. Here the venue issue is between two cities 40

---

[3] Moreover, to address the Gap's convenience concerns, counsel for the Plaintiff offered as a compromise to agree to a transfer to the Suffolk Superior Court. This offer was rejected.

miles apart, not two different states in different parts of the country (sixty years ago). *Koster* is simply inapplicable to these facts.

For all of the foregoing reasons, if this case remains in federal court it should remain in the Central Division. The Gap's motion to transfer should be denied.

Respectfully submitted,

*/s/ Elizabeth Ryan*
Elizabeth Ryan (BBO No. 549632)
John Roddy (BBO No. 424240)
Bailey & Glasser LLP
125 Summer Street, Suite 1030
Boston, MA 02110
(617) 439-6730 (phone)
(617) 951-3954 (fax)

Dated: August 23, 2013

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on August 23, 2013.

*/s/ Elizabeth Ryan*
Elizabeth Ryan