UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>MOLLY KARP, individually and on )<br>behalf of all others similarly situated , )<br> )<br>         Plaintiff, )<br> )<br>    v. )<br> )<br>THE GAP, INC., )<br> )<br>         Defendant. )<br>_____) | **CIVIL ACTION**<br>**NO. 13-11600-TSH** |

### ORDER ON DEFENDANT'S MOTION TO TRANSFER THIS CASE TO THE EASTERN DIVISION (Docket No. 17)
**October 23, 2013**

HILLMAN, D.J.

Defendant The Gap, Inc. ("Defendant") moves to have this case transferred to the Eastern Division of the United States District Court for the District of Massachusetts. In support of its motion, Defendant argues this action is required to proceed in the Eastern Division under Local Rule 40.1. Plaintiff Molly Karp ("Plaintiff") responds that under 28 U.S.C. § 1441(a), 1446 (a) and 1453, the case must remain in the Central Division.

Plaintiff is a resident of Natick, Massachusetts which is located in Middlesex County. Middlesex County is part of the Eastern Division of the District of Massachusetts.  Local Rule 40.1(C)(1) ("The Eastern Division of the District of Massachusetts comprises the counties of…Middlesex….").  Under 28 U.S.C. 1391(c) for the purposes of venue a defendant is a resident of any district which could exercise personal jurisdiction over that defendant. In this case, Defendant has stores in both the Central and Eastern District and is therefore a resident of

both for the purposes of venue. Local Rule 40.1(D) governs the assignment of civil cases between the Eastern, Central, and Western Divisions of the District of Massachusetts. The rule states, in relevant part, that "Civil cases shall be assigned to the respective divisions if: (a) All of the parties reside in that division." Local Rule 40(D)(1)(a). As both parties reside in the Eastern District, this case should be assigned to that Division.

Plaintiff's argument that 28 U.S.C. § 1441(a), 1446 (a) and 1453 require a different result is unavailing. Plaintiff claims that because these statutes provide that an action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending," that this action must go forward in the Central Division because Plaintiff originally filed it in the state court in Worcester, Massachusetts which falls in the Central Division. This argument has been rejected by the courts. In *Brennan v. City of Leominster*, the Court found the argument that the Central and Western Sections of the District of Massachusetts should be considered divisions for the purposes of removal under 28 U.S.C. § 1441(a) "misguided." 180 F.R.D. 192, 193 (D. Mass. 1998). The Court explained that "the statute governing the organization of the District of Massachusetts provides that 'Massachusetts constitutes one judicial district,'" while the statute organizing the District of Maryland provides that "Maryland 'constitutes one judicial district comprising two divisions.'" *Id*. (citing 28 U.S.C. § 100, 101). The "divisions" in the District of Massachusetts are thus not the statutory divisions referred to in 28 U.S.C. § 1441(a), 1446 (a) and 1453, so these statutes are not determinative of the proper venue in this case.

Defendant also argues that the case should be transferred to the Eastern District for "good cause" because it would be more convenient for all the parties. Plaintiff denies this. However,

because it is clear this case should be assigned to the Eastern District under Local Rule 40.1, it is not necessary to discuss this argument.

IT IS HEREBY ORDERED THAT Defendants' Motion to Transfer This Case to the Eastern Division (Docket No. 17) is ***granted.***

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE