UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11600-GAO

MOLLY KARP,
Plaintiff,

v.

THE GAP, INC.,
Defendant.

OPINION AND ORDER
September 29, 2014

O'TOOLE, D.J.

## I. Background

This case arises from The Gap, Inc.'s ("The Gap") alleged policy to request and record customer zip codes concurrent with credit and/or debit card purchases for the purpose of mailing customers unsolicited marketing materials. The plaintiff, Molly Karp, brings this action on behalf of herself and all other persons similarly situated. The plaintiff asserts that The Gap's practices have violated Massachusetts General Laws Chapter 93, Section 105(a), which prohibits businesses from requesting personal identification information that is not required by the credit card issuer and recording it on a credit card transaction form (Count III). The plaintiff also asserts claims for declaratory relief (Count I) and unjust enrichment (Count II).

The Gap moves to dismiss, claiming that: (1) the plaintiff failed to allege that her zip code was actually recorded on the transaction form; (2) the plaintiff failed to allege specific facts regarding her claimed injury by reason of receipt of unwanted marketing materials; and (3) the plaintiff failed to assert a causal connection between the provision of her zip code and her receipt of unwanted marketing material.

## II.  Legal Standard

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must state facts sufficient to raise a right to relief above the speculative level such that the claim is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Conclusory allegations and a mere recitation of the elements constituting the cause of action, unsupported by facts, are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In evaluating a Rule 12(b)(6) motion to dismiss, the court must take the factual allegations in the complaint as true. Ashcroft, 556 U.S. at 678.

## III.  Discussion

The Complaint alleges in relevant part:

> 13. When Ms. Karp was making a purchase at The Gap using a Visa credit or debit card, a Gap employee asked Ms. Karp to provide her zip code. She was not informed that her zip code was being requested for marketing purposes. She provided it believing that it was required to complete her transaction.
>
> 14. Ms. Karp subsequently received unsolicited and unwanted marketing material.
>
> 15. The Gap has a policy of automatically requesting a customer's zip code in all credit or debit card transactions, and recording the zip code electronically in connection with the transaction. This information is not required for verification by the card issuer.
>
> 16. The Gap has a policy of using its customers' zip codes, and information obtained from third party databases, inter alia, to send marketing materials to customers.

(Compl. ¶¶ 13-16 (dkt. no. 1-3).)

### A.  Violation of Massachusetts General Laws Chapter 93, Section 105(a)

Section 105(a) provides that "[no] person . . . or . . . business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write

2

personal identification information . . . on the credit card transaction form." M.G.L. ch. 93A, § 105(a).

First, the statute requires that a merchant record or cause to be recorded personal identification information. M.G.L. ch. 93A, § 105(a). The allegations of the complaint as to this element are bare-bones, but barely sufficient. The allegation that the plaintiff was asked for her zip code pursuant to a Gap policy of collecting such data suffices at the pleading stage.

However, the plaintiff's complaint fails to allege any facts in support of a claim that she received unwanted marketing material and was thereby injured by the collection of her zip code. See Tyler v. Michaels Stores, Inc., 984 N.E.2d 737, 744 (Mass. 2013) (holding that a claim for a violation of Section 105(a) must include an allegation of an injury apart from the mere writing of personal identification information on a credit card transaction form). Rather, the plaintiff's complaint merely mirrors the court's language in Tyler that "the actual receipt by a consumer of unwanted marketing materials" is a sufficient injury to establish a violation of Section 105(a). Id. at 746. The problem here is that plaintiff's bare assertion that she received unsolicited marketing without other specifics leaves it unalleged that the materials even came from the defendant, let alone as a consequence of the unlawful recording of the zip code information. In other words, the complaint does not plausibly allege that the plaintiff sustained any injury, much less an injury caused by The Gap.

B.  Unjust Enrichment

In Count II, the plaintiff alleges that The Gap was unjustly enriched through its sale of the personal identification information obtained from her. To prevail on a claim for unjust enrichment, the plaintiff must have (a) conferred a benefit upon the defendant (b) with the defendant's knowledge (c) under circumstances that would make the defendant's retention of the

3

benefit inequitable. Stevens v. Thacker, 550 F. Supp. 2d 161, 165 (D. Mass. 2008). The mere recording of a zip code is insufficient for a claim of unjust enrichment without separate allegations as to how the merchant realized economic value. See Tyler v. Michaels Stores, Inc., 840 F. Supp. 2d 438, 451 (D. Mass. 2012). Furthermore, to obtain recovery under a claim of unjust enrichment, the plaintiff must have had a reasonable expectation of compensation for the benefit conferred. Id. (finding the defendant was not unjustly enriched from the recording of zip codes because the plaintiffs had no expectation of compensation).

The plaintiff's complaint insufficiently alleges a claim for unjust enrichment. The plaintiff's claim that The Gap sold her zip code to a third party for profit is conclusory, not supported by any factual allegations. The allegation that The Gap "compil[es] mailing lists which it then uses for its own direct marketing, or it sells to other businesses for their direct marketing purposes" (Compl. at ¶ 4 (dkt. no. 1-3) (emphasis added)) suggests that the plaintiff has no idea what happens to the zip code information. Additionally, while it is arguable that The Gap could potentially have benefitted from combining her zip code with other personal identification information to send marketing materials to the plaintiff and other customers, as the court in Tyler explained, a reasonable person would not expect compensation for providing her zip code in a routine credit card transaction. Tyler, 840 F. Supp. 2d at 451 (quoting Cmty. Builders, Inc. v. Indian Motocycle Assoc., Inc., 692 N.E.2d 964, 979 (Mass. App. Ct. 1998)).

### C. Declaratory Relief

The plaintiff is not entitled to declaratory relief, as she has failed to plead sufficient facts to maintain her other claims. See Tyler, 840 F. Supp. 2d at 452 ("The Declaratory Judgment Act is not an independent grant of federal jurisdiction . . . so dismissal of the underlying claims requires dismissal of the claim for declaratory relief as well.") (citations omitted).

## IV.    Conclusion

For the foregoing reasons, The Gap's Motion (dkt. no. 31) to Dismiss is GRANTED. The plaintiff is granted leave to file an amended complaint within 35 days of the entry of this Order.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge