UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOLLY KARP, ELIZABETH CHRISTENSEN, and SARA SCOLNICK individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GAP, INC.,<br><br>Defendant. | Case No. 4:13-cv-11600-TSH<br><br>**LEAVE TO FILE GRANTED SEPTEMBER 29, 2014** |

**SECOND AMENDED CLASS ACTION COMPLAINT**

1.  Plaintiffs, Molly Karp, Elizabeth Christensen, and Sara Scolnick, bring this Second Amended Class Action Complaint against the Gap, Inc., on their own behalf and that of all others similarly situated, seeking declaratory, injunctive and monetary relief to remedy the Gap's unlawful recording and use of its customers' personal identification information when they make purchases using a credit and/or debit card in its stores.

2.  Massachusetts law prohibits businesses from requesting and recording the personal identification information of a credit card[1] purchaser that is not required by the card issuer. M.G.L. c. 93, § 105(a). By statute, personal identification information includes but is not limited to the customer's address and telephone number. *Id.* Card issuers do not require that the

---

[1] The term "credit card," as used herein, includes credit cards, debit cards, so-called hybrid cards (which can be used for credit and/or debit transactions), and/or any other device or instrument incorporated within the definition of "Credit Card" set forth in M.G.L. c. 93, § 104. *See Commonwealth v. Ryan*, 79 Mass. App. Ct. 179, 183-186 (Mass. App. Ct. 2011), *review denied*, 460 Mass. 1103 (2011).

Gap obtain customers' zip codes.

3. In its Massachusetts stores, the Gap requests customers' zip codes when they make a purchase using a credit card. It records the zip codes on its electronic transaction forms on its registers.

4. The Gap requests this information for the purpose of obtaining its customers' addresses through the use of third party data services, then compiling mailing lists which it then uses for its own direct marketing, including sending unsolicited marketing materials or "junk mail" regarding its stores and brands, or sells the information to other businesses for their direct marketing purposes. It does so without obtaining its customers' consent.

5. The Gap's actions violate M.G.L. c. 93, § 105(a), M.G.L. c. 93A, §§ 2, 9, and the privacy rights of its customers.

## Jurisdiction

6. This Court has jurisdiction over this class action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1441, and 1453. *See* Doc. Nos. 1 and 25.

7. This Court has personal jurisdiction over the Defendant because the Defendant regularly transacts and has transacted business in Massachusetts, and the acts or conduct that are the subject matter of this action arose from Defendant's transaction of business in Massachusetts.

## Parties

8. Plaintiff Molly Karp is a Massachusetts resident and resides in Natick, Middlesex County.

9. Plaintiff Elizabeth Christensen is a Massachusetts resident and resides in Salem, Essex County.

10. Plaintiff Sara Scolnick is a Massachusetts resident and resides in Natick,

Middlesex County.

11.     Defendant the Gap, Inc. is a California corporation with its principal place of business at 2 Folsom Street, San Francisco, California 94105. The Gap does business throughout Massachusetts, and in this county.

## Applicable Law

12.     M.G.L. c. 93, § 105 provides, in relevant part:

(a) No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.[2]

13.     A zip code is personal identification information. Entering a zip code on an electronic form constitutes writing the zip code for purposes of the statute. *Tyler v. Michaels Stores*, 464 Mass. 492 (2013).

14.     M.G.L. c. 93, § 105(d) provides that "[a]ny violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A."

## Facts

15.     Over the past four years, Ms. Karp has shopped at the Gap more than ten times, primarily at the Gap store located in Wellesley, Massachusetts, to purchase clothes for herself.

16.     When Ms. Karp made purchases at the Gap using a Visa credit card, a Gap employee asked Ms. Karp to provide her zip code. She was not informed that her zip code was being requested for marketing purposes. She provided it believing that it was required to

---

[2] M.G.L. c. 93, § 104 defines "credit card" as "any instrument or device, whether known as a credit card, credit plate, or by any other name, issued with or without fee by an issuer for the use of the card holder in obtaining money, goods, services, or anything else of value on credit.

3

complete her transaction.

17. Over the past four years, Ms. Christensen shopped twice at the Watertown, Massachusetts Gap location and once at Gap's Brookline, Massachusetts location.

18. When Ms. Christensen made purchases at the Gap using her American Express credit card, a Gap employee asked Ms. Christensen to provide her zip code. She was not informed that her zip code was being requested for marketing purposes. She provided it believing that it was required to complete her transaction.

19. Over the past four years, Ms. Scolnick shopped once at the Wellesley, Massachusetts Gap location.

20. When Ms. Scolnick made purchases at the Gap using a Visa credit card, a Gap employee asked Ms. Scolnick to provide her zip code. She was not informed that her zip code was being requested for marketing purposes. She provided it believing that it was required to complete her transaction.

21. During all of the above mentioned transactions, a Gap employee recorded Plaintiffs' zip code on a credit card transaction form on the register as part of the transaction.

22. After Plaintiffs provided their zip codes, the Gap began sending them unsolicited printed marketing and advertising materials for the Gap store and Gap brands. Plaintiffs did not request or consent to the receipt of such materials.

23. Plaintiffs' card issuers do not require a purchaser's zip code in order to complete a transaction.

24. The Gap requests customers' zip codes in all credit and debit card transactions, including those of Plaintiffs and Class members, and records the zip codes electronically on its credit card transaction form. This information is not required for verification by the card issuers.

25. The Gap uses its customers' zip codes, and information obtained from third party databases, *inter alia,* to send marketing materials about its brands to customers, including Plaintiffs and Class members. The Gap also shares this information with other Gap brands, and upon information and belief, other companies.

26. The Gap's Privacy Policy confirms that it collects personal information from customers and uses the information for marketing purposes.

27. Specifically in 2013, its Privacy Policy stated that the Gap collects personal information such as a customer's "name, email address, postal address, phone number, credit card number, gender, birthday, personal interests, etc.," when the customer "make[s] an in-store purchase."[3]

28. It collected such information for promotional purposes:

> We collect information about you in our stores and through our websites in an effort to improve your shopping experience and **to communicate with you about our products, services, contests and promotions.** As described in this policy, we may share your information among our brands and, under certain circumstances, with third parties that provide services on our behalf or with whom we have partnered to offer a particular product or service.

*Id.*

29. According to the Privacy Policy, the Gap used customers' personal information in multiple ways:

> We may use your personal information in the following ways:
> - To communicate with you and to send you information by email, postal mail, telephone, text message, or other means about our products, services, contests, and promotions, unless you have directed us not to contact you with promotional communications
> - To administer and fulfill our contests and other promotions

---

[3] Gap Privacy Policy, as of May 28, 2013; available at
https://web.archive.org/web/20130528130843/http://www.gap.com/customerService/info.do?cid=2331#collectInfo

5

- To help us learn more about your shopping preferences.

*Id.*

30. The Gap also shared customers' personal information with its own brands (Gap, Banana Republic, Old Navy, Gap Outlet, Banana Republic Factory Store, Piperlime or Athleta), and with other companies with whom it "teamed up" "to offer or provide products, services, contests, or promotions to our customers." *Id.*

31. The Gap's actions harm large numbers of Massachusetts consumers by subjecting them to unwanted junk mail, and other marketing without their consent. Plaintiffs and Class members have also suffered an injury as a result of the Gap's misappropriation of their zip codes and other personal identification information for use in its marketing and promotional efforts and other improper and unlawful purposes, from which the Gap obtains benefits.

32. The Gap admitted in its removal papers that in the four years preceding the filing of the initial complaint, there were over **200,001** credit card purchase transactions made by unique customers, in Massachusetts Gap stores, in which zip codes are "associated with the purchase transaction." Declaration of Nicole Jones, Doc. No. 25, at ¶ 3.

## Class Allegations

33. Plaintiffs bring this action on behalf of themselves and all other persons in Massachusetts pursuant to Fed. R. Civ. P. 23, and/or M.G.L. c. 93A, § 9(2) who, in the four years prior to the filing of the initial complaint:

a) made a purchase at a Gap store in Massachusetts, using a credit card (defined to include a debit card);

b) their zip code was collected at the point of sale; and

c) their zip code was recorded by the Gap.

34. The Gap's conduct with respect to the Plaintiffs and Class members was

consistent with and pursuant to its uniform policy to request and record customers' zip codes for purposes of marketing.

35. Excluded from the Class are employees of the Gap and its subsidiaries and affiliates; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof. Plaintiffs reserve the right to modify or amend the Class definition, as appropriate.

36. The members of the Class are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The Gap has 45 Gap stores in Massachusetts, and many more affiliated brand stores. The Gap has conceded that there are more than 200,000 individuals who made credit card purchases, and as to whom a zip code is "associated with the transaction." Doc. No. 25.

37. Plaintiffs' claims are typical of the claims of the Class members because, like Plaintiffs, each Class member provided the Gap with his or her zip code when making a purchase by credit card. Fed. R. Civ. P. 23(a)(3).

38. Plaintiffs will fairly and adequately protect the interests of the Class. Fed. R. Civ. P. 23(a)(4). Their interests do not conflict with those of the Class and they have retained counsel competent and experienced in class action litigation.

39. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to the Class are:

   a) whether the Gap requested and recorded personal identification information from its customers who use a credit card;

   b) whether the requested information is required by the card issuer;

   c) whether the Gap uses customers' personal information for marketing or other commercial purposes;

    d)        whether the Gap's practices violate M.G.L. c. 93, § 105;

    e)        whether the Gap's practices are unfair or deceptive under M.G.L. c. 93A;

    f)        whether the Gap's actions harm its customers;

    g)        the appropriate measure of damages.

40. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Fed. R. Civ. P. 23(b). Furthermore, while the damages that have been suffered by, and that will continue to be suffered by, individual Class members are not insignificant, the expense and burden of individual litigation would make it impossible for Class members to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action. The Class members can be identified from the Gap's business records.

41. The prosecution of separate actions against the Gap would create a risk of inconsistent or varying adjudications with respect to the individual Class members, which would establish incompatible standards of conduct for the Gap. In addition, adjudications with respect to individual Class members could as a practical matter be dispositive of the interests of the other Class members not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

### Count I
### Declaratory Relief

42. Pursuant to M.G.L. c. 231A, § 1, Plaintiffs and Class members seek a declaration that the Gap's conduct described above violates M.G.L. c. 93, § 105.

### Count II
### Violation of Chapter 93A

43. By the conduct complained of, the Gap engaged in unfair and deceptive practices when it requested and recorded personal identification information from customers who made

purchases in its stores using credit cards, in violation of M.G.L. c. 93, § 105. As a result thereof, Plaintiffs and members of the Class have been damaged in an amount to be determined at trial.

44.     The Gap's unfair and deceptive practices include, without limitation: obtaining Plaintiffs' and Class members' personal identification information and using it without their consent; subjecting Plaintiffs and Class members to direct mail marketing.

45.     The Gap's actions were willful and knowing within the meaning of M.G.L. c. 93A, § 9(3).

46.     On April 9, 2013, Plaintiff Molly Karp sent a demand pursuant to M.G.L. c. 93A, § 9(3) to Defendant, demanding relief for Defendant's practices on behalf of herself and a class of similarly situated individuals in Massachusetts. A copy is attached as Exhibit A. Defendant failed to make a reasonable offer of relief to Ms. Karp or the proposed class.[4]

## Prayer For Relief

WHEREFORE, Plaintiffs pray for relief as follows:

A.      An order allowing this action to proceed as a class action under Fed. R. Civ. P. 23, or M.G.L. c. 93A, § 9(2);

B.      Determining that the Gap's conduct violated M.G.L. c. 93, § 105, and the privacy rights of its customers;

D.      Determining that the Gap's conduct constitutes a violation of M.G.L. c. 93, §§ 2 and 9;

E.      Awarding the Plaintiffs and the Class actual damages or minimum damages for

---

[4] On September 29, 2014, this Court dismissed Plaintiff Molly Karp's claim for Unjust Enrichment, ruling that she failed to allege sufficient facts as to how the Gap used her personal information. As such, Ms. Karp has removed that claim from this amended complaint. Nonetheless, the Ms. Karp does not intend to waive her right to seek to add such a claim based on additional information obtained through discovery.

each trebled violation;

  F.  Awarding the Plaintiffs and the Class attorneys' fees and costs;

  G.  Awarding Plaintiffs and the Class damages in an amount to be proven at trial;

  H.  Entering a permanent injunction enjoining the Gap from requesting and recording any personal identification information from customers using a credit card, unless such information is required by the card issuer;

  I.  For such other and further relief as the Court may deem just and proper.

## Demand For Jury Trial

Plaintiffs demand a trial by jury of all issues so triable.

            Respectfully submitted,

            */s/ Elizabeth Ryan*
            Elizabeth Ryan (BBO No. 549632)
            *eryan@baileyglasser.com*
            John Roddy (BBO No. 424240)
            jroddy@baileyglasser.com
            **BAILEY & GLASSER LLP**
            125 Summer Street, Suite 1030
            Boston, MA 02110
            617.439.6730
            617.951.3954 (fax)

            Joseph J. Siprut*
            *jsiprut@siprut.com*
            Brandon Cavanaugh*
            *bcavanaugh@siprut.com*
            **SIPRUT PC**
            17 North State Street, Suite 1600
            Chicago, Illinois 60602
            312.236.0000
            312.948.9196 (fax)

            * *Pro Have Vice* application to be submitted

Dated: November 13, 2014

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on November 13, 2014.

                                        */s/ Elizabeth Ryan*
                                        Elizabeth Ryan